1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

United States of America,

Case No. 2:15-cr-00192-KJD-PAL
No. 2:20-cv-01123-KJD

8

Plaintiff,

9

v.

**Order**

10

Marcus McFarland,

11

Defendant.

12     Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Conviction

13 and Sentence under 28 U.S.C. § 2255 (#40). The Government filed a Motion for Leave to Advise

14 the Court of New Supreme Court Authority (#42). Movant responded in opposition (#43) to

15 which the Government replied (#44).

16     I.     Factual and Procedural Background

17     Marcus McFarland ("McFarland" or "Defendant") was convicted, on his guilty plea, of

18 unlawful possession of a firearm by a previously convicted felon. He now requests that the Court

19 vacate his sentence under 28 U.S.C. § 2255, asserting that his indictment and subsequent

20 conviction are invalid.

21     McFarland has a lengthy criminal history, dating back to 2000 at age 18. Over the next 15

22 years, McFarland was convicted of various offenses including drug possession, unlawful

23 possession of drug paraphernalia, conspiracy to commit battery with a deadly weapon, battery,

24 attempted possession of a stolen vehicle, attempted grand larceny, home invasion, tampering

25 with evidence, and carrying a concealed weapon. (PSR). On his first felony conviction, in 2003,

26 the state court sentenced him to 13-36 months in state prison and he spent more than a year in

27 prison for that offense. Id. In 2007, McFarland was again sentenced to 14-72 months in prison

28 for a second felony—home invasion. Id. He was paroled after serving over three years in prison.

1     Id.

2           In January 2016, McFarland pleaded guilty according to a plea agreement with the

3     government, to unlawful possession of a firearm by a previously convicted felon. (#27). In the

4     plea agreement, McFarland admitted that he knowingly possessed the firearm, and that when he

5     did, he had been previously convicted of a crime punishable by a term of imprisonment

6     exceeding one year. (#27, at 4).

7           In June 2016, this Court sentenced McFarland to 57 months of imprisonment followed by

8     three years of supervised release. (#36/37). McFarland did not appeal, and his conviction became

9     final on June 24, 2016.

10          On June 19, 2020, McFarland filed this motion to vacate, arguing that the indictment was

11    defective because it "did not allege Mr. McFarland knew he had a prohibitive status at the time

12    of possession," and that "the defective indictment also stripped the Court of jurisdiction." (#40,

13    at 9). McFarland further alleges that the "defect" in his indictment violated his Fifth and Sixth

14    Amendment rights. Id.

15          II.     Legal Standard

16          28 U.S.C. § 2255 allows a federal prisoner to seek relief under four grounds: (1) "the

17    sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the

18    court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the

19    maximum authorized by law;" and (4) the sentence is "otherwise subject to collateral attack." 28

20    U.S.C. § 2255(a).

21          Under 18 U.S.C. § 922(g), it is "unlawful for any person" who falls within one of nine

22    enumerated categories to "possess in or affecting commerce any firearm or ammunition."

23    Section 924(a)(2) sets out the penalties applicable to "[w]however knowingly violates" § 922(g).

24    Before June 2019, courts treated the knowledge requirement in § 924(a)(2) as applying only to

25    the defendant's possession of a firearm or ammunition, not to the fact that he fell within the

26    relevant enumerated category. But on June 21, 2019, the Supreme Court issued its decision in

27    Rehaif v. United States, 139 S. Ct. 2191 (2019), holding that a defendant's knowledge "that he

28    fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the

like)" is an element of a § 922(g) offense. <u>Id.</u> at 2194. This decision applies to all § 922(g)

categories, including felons under § 922(g)(1). A felon is one who has been convicted of a crime

punishable by more than one year of imprisonment.

In <u>Rehaif</u>, the Supreme Court stated:

> The question here concerns the scope of the word "knowingly."
> Does it mean that the Government must prove that a defendant knew
> both that he engaged in the relevant conduct (that he possessed a
> firearm) and also that he fell within the relevant status (that he was
> a felon, an alien unlawfully in this country, or the like)? We hold
> that the word "knowingly" applies both to the defendant's conduct
> and to the defendant's status. To convict a defendant, the
> Government therefore must show that the defendant knew he
> possessed a firearm and also that he knew he had the relevant status
> when he possessed it.

<u>Id</u>. <u>Rehaif</u> does not stand for the proposition that the government must prove the defendant

knew his possession of the firearm was unlawful. <u>Rehaif</u> requires proof of the defendant's

felonious status. So, in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government

must prove that (1) the defendant knew he possessed a firearm and that (2) he knew he belonged

to the relevant category of persons barred from possessing a firearm. <u>See id.</u> at 2200. To hold

otherwise would mean that pure ignorance of the United States Code was a sufficient defense.

The Supreme Court also recently held that "[i]n felon-in-possession cases, a <u>Rehaif</u> error is

not a basis for plain-error relief unless the defendant first makes a sufficient argument or

representation on appeal that he would have presented evidence at trial that he did not in fact

know he was a felon." <u>Greer v. United States</u>, 141 S. Ct. 2090, 2093 (2021). The Court held that

for the felons-in-possession in that case, they must have shown that had the <u>Rehaif</u> errors been

correctly advised, there was a "reasonable possibility" they would been acquitted or not have

plead guilty. <u>Id.</u> The Court held that it was unlikely they would have carried that burden because

both had been convicted of multiple felonies before and those "prior convictions are substantial

evidence that they knew they were felons." <u>Id.</u> The Court also rejected the argument that a

<u>Rehaif</u> error is a structural one that requires automatic vacatur and held that "<u>Rehaif</u> errors fit

comfortably within the 'general rule' that 'a constitutional error does not automatically require

reversal of a conviction.'" <u>Id.</u>, quoting <u>Arizona v. Fulminante</u>, 499 U.S. 279, 306 (1991).

1    III.    Analysis

2        McFarland asserts that in light of Rehaif, his sentence is unconstitutional and must be

3    vacated because (1) the indictment failed to allege a cognizable crime against the United States

4    and therefore stripped the Court of jurisdiction; (2) the grand jury was not required to find

5    probable cause as per the defective indictment which violated his Fifth Amendment rights; and

6    (3) McFarland was not informed of the nature and cause of the accusation which violated his

7    Sixth Amendment rights. (#40, at 13-14).

8        The government argues that he is not entitled to an early release because a Rehaif error is not

9    a basis for plain-error relief unless McFarland makes an argument that he would have presented

10   evidence at trial that he did not know he was a felon. (#42, at 2).

11   **A. Jurisdiction**

12       McFarland argues that his indictment failed to describe the criminal conduct as per Rehaif,

13   which constitutes a fatal defect and deprived the Court of jurisdiction. (#40, at 15). However, the

14   Ninth Circuit has ruled on this identical argument, holding that "the indictment's omission of the

15   knowledge of status requirement did not deprive the district court of jurisdiction." United States

16   v. Espinoza, 816 Fed. Appx. 82, 84 (9th Cir. 2020). "The Supreme Court has explicitly rejected

17   'the view that indictment omissions deprive a court of jurisdiction…" and this holding applies

18   where 'an indictment fails to allege the specific intent required' for a crime[.]" Id., quoting

19   United States v. Cotton, 535 U.S. 625, 631 (2002), United States v. Velasco-Medina, 205 F.3d

20   839, 845-46 (9th Cir. 2002). Therefore, the Court rejects McFarland's argument that this Court

21   lacked jurisdiction.

22   **B. Fifth Amendment Rights**

23       McFarland also argues that because of the insufficient indictment, his Fifth Amendment

24   rights were violated, and his sentence should be vacated. (#40, at 18-19). "The Fifth

25   Amendment's grand jury requirement establishes the 'substantial right to be tried only on

26   charges presented in an indictment returned by a grand jury.'" United States v. Davis, 854 F.3d

27   601, 603 (9th Cir. 2017), quoting United States v. Antonakeas, 255 F.3d 714, 721 (9th Cir.

28   2001). McFarland asserts that the failure to include the Rehaif elements amounts to an

"indictment [that] describes lawful conduct" and that he should not have been tried based off this faulty indictment. (#40, at 18). He also argues that this was a structural error that does not require a showing of prejudice. Id. at 19.

"In this circuit an indictment missing an essential element that is properly challenged before trial *must* be dismissed." United States v. Qazi, 975 F.3d 989, 991 (9th Cir. 2020). McFarland has not presented any evidence that he properly challenged his indictment before trial.

Further, the Supreme Court has held that a Rehaif error is not a structural one, so McFarland must show actual prejudice. In Greer, the Court explained that "[s]tructural errors are errors that affect the 'entire conduct of the [proceeding] from beginning to end" and consist of things like "the denial of counsel of choice, denial of self-representation, denial of a public trial, and failure to convey to a jury that guilt must be proved beyond a reasonable doubt." Greer, 141 S. Ct., at 2100. There, the Court held that "the omission of a single element from jury instructions or the omission of a required warning from a Rule 11 plea colloquy– are not structural because they do not 'necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." Id., quoting Neder v. United States, 527 U.S. 1, 9 (1999). The Court finds that here, the omission of the Rehaif requirement in the indictment does not amount to a structural error because it did not render McFarland's legal proceedings fundamentally unfair or an unreliable vehicle for him deciding to plead guilty. As noted in Greer, "[i]f a person is a felon, he ordinarily knows he is a felon." Greer, 141 S. Ct., at 2097. "Felony status is simply not the kind of thing that one forgets." Id., quoting United States v. Gary, 963 F.3d 420, 423 (4th Cir. 2020). McFarland has not made an argument that he did not know he was a felon, nor has he made a sufficient argument that the indictment truly did infect the entire judicial proceeding such that he would have changed his guilty plea.

**C. Sixth Amendment Rights**

McFarland makes a similar argument regarding his Sixth Amendment rights– that the indictment did not give him reasonable certainty of the nature of the accusation against him and that it inhibited his counsel's ability to properly defend him. (#40, at 19-21). The Court does not find this convincing. Again, McFarland has not made any representations that he did not know of

1    his felonious status at the time he possessed the gun, and he has not shown in any way that it

2    affected his guilty plea.

3        McFarland also asserts this was a structural error that entitles him to relief without showing

4    prejudice. Id. at 21. However, as clarified in Greer and explained above, this was not a structural

5    error. McFarland stipulated in his guilty plea that he had a handgun in his possession and that at

6    the time of his possession he had been convicted of one or more criminal offenses punishable by

7    imprisonment for over one year. (#27, at 4). Further, the Supreme Court reasoned that when a

8    defendant considers pleading guilty for this charge, he will usually recognize that as a felon, a

9    jury would find he knew he was a felon when he possessed the gun and would likely factor that

10   in when making the decision. Greer, 141 S. Ct., at 2097. "In short, if a defendant was in fact a

11   felon, it will be difficult for him to carry the burden on plain-error review of showing a

12   'reasonable probability' that, but for the Rehaif error, the outcome of the district court

13   proceedings would have been different." Id. McFarland has not made a showing that his Sixth

14   Amendment rights were violated because of the Rehaif error and as per Greer, his sentence will

15   not be vacated.

16       IV.    Certificate of Appealability

17       Finally, the Court must deny a certificate of appealability. To proceed with an appeal,

18   petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P.

19   22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United

20   States v.Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a

21   substantial showing of the denial of a constitutional right" to warrant a certificate of

22   appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

23   "The petitioner must demonstrate that reasonable jurists would find the district court's

24   assessment of the constitutional claims debatable or wrong." Id. (quoting Slack, 529 U.S. at 484).

25   To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

26   debatable among jurists of reason; that a court could resolve the issues differently; or that the

27   questions are adequate to deserve encouragement to proceed further. Id. McFarland has not met

28   his burden in demonstrating that there was any reasonable probability that he did not know that

1   he was a felon and, therefore, prohibited from possessing a firearm.

2   V.      Conclusion

3       Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or

4   Correct Conviction and Sentence under 28 U.S.C. § 2255 (#40) is **DENIED**.

5       **IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for

6   Respondent and against Movant in the corresponding civil action, 2:20-cv-01123-KJD, and close

7   that case;

8       **IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

9   Dated this 14th day of June 2023.

10

11

12                                              _____
                                                Kent J. Dawson
13                                              United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28