UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MARCUS MCFARLAND,<br><br>　　　　　　　　　　Defendant. | Case No. 2:15-cr-00192-KJD-PAL<br><br>ORDER |

　　　　Presently before the Court is Defendant's Motion for Revocation Hearing (ECF No. 53). Defendant had been serving a thirty-six (36) month term of supervised release which commenced on November 1, 2023. On February 9, 2024, Defendant was arrested by METRO and charged with conspiracy, battery, and attempted murder. On February 23, 2024, this Court issued a warrant for Defendant's arrest for violation of terms of supervised release. The warrant has not yet been executed. Defendant is in custody of the Nevada Department of Corrections serving a sentence which the Court presumes is related to the offenses for which he was arrested by METRO.

　　　　Defendant seeks action on his supervised release violation. However, a defendant has no liberty interest in execution, hearing and possible sentencing in this action until he is in custody based on execution of the warrant in this case. See Moody v. Daggett, 429 U.S. 78 (1976); United States v. Romero, 511 F.3d 1281 (10th Cir. 2008). Delay in supervised release proceedings while Defendant is in custody in another jurisdiction on other charges or sentence is usually reasonable. See United States v. Morales-Isabarras, 745 F.3d 398, 403 (9th Cir. 2014); United States v. Madden, 515 F.3d 601, 608 (6th Cir. 2008). Here, Defendant has not shown any

delay is unreasonable. Further, he has shown no compelling reason to expedite revocation proceedings, other than his personal convenience.

    Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Revocation Hearing (ECF No. 53) is **DENIED**.

DATED: September 12, 2025.

                                              Kent J. Dawson
                                              United States District Judge